UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

TRUSTEES FOR THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS PENSION
FUND, WELFARE FUND, ANNUITY FUND, and
APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, TRUSTEES OF THE NEW YORK CITY
CARPTENTERS RELIEF AND CHARITY FUND,
CARPENTER CONTRACTOR ALLIANCE OF
METROPOLICAN NEW YORK, and of NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS,

                        Petitioners,

            -v-

CORNERSTONE CARPENTRY LIMITED d/b/a
CORNERSTONE CARPENTRY,

                       Respondent.

------------------------------------------------------------------X

22 Civ. 193 (PAE)

OPINION & ORDER

**PAUL A. ENGELMAYER, District Judge:**

       Petitioners—the Trustees of the District Council No. 9 Painting Industry Insurance Fund (the "Insurance Fund"); Trustees of the District Council No. 9 Painting Industry Annuity Fund (the "Annuity Fund"), (together, with the Insurance Fund, the "Funds"), and the District Council No. 9 International Union of Painters and Allied Trades, A.F.L.-C.I.O. (the "Union")—seek confirmation of an arbitration award issued against respondent Pal AMG ("Pal"). *See* Dkt. 2 ("Kugielska Decl."), Ex. 1 ("Award"). Pal is an employer bound by a collective bargaining agreement between itself and the Union. *See* Dkt. 8 ("56.1") ¶ 3. On January 10, 2022, petitioners commenced this action, pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. For the following reasons, the Court confirms the Award.

I. **Background**[1]

A. **The Parties and Their Agreements**

Petitioner Union, with offices located at 45 West 14th Street, New York, NY 10011, is a labor organization within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act, 29 U.S.C. § 142, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York. 56.1 ¶ 1.

Respondent Pal is upon information and belief, a corporation duly organized and existing under the laws of New York with its last known places of business located at 220 52nd Street, Brooklyn, New York 11220 and 28 Brighton Street, Staten Island, New York 10307, and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act. *Id.* ¶ 2.

B. **The Arbitration Award**

Pal was bound at all relevant times by the Union's CBA, and provides for the submission of disputes to final, binding decisions of the Union's Joint Trade Committee. *Id.* ¶ 3. Pal is a signatory to a Memorandum of Agreement (the "MOA"), which adopts all the terms and conditions of the CBA, both of which constitute collective bargaining agreements. *Id.*

A dispute arose when Pal failed to submit remittance reports for work covered by the MOA, pursuant to Article XX and Article XIII Section 11 Violation 8 of the CBA. *Id.* ¶ 4. Pursuant to Article XIII of the CBA, the Union filed and served a Demand for Arbitration with the Union's Joint Trade Committee (the "JTC"). *Id.* ¶ 5.

---

[1] The following undisputed facts are derived from the petitioners' unchallenged Local Rule 56.1 Statement, Dkt. 8, and the Award.

The JTC held a hearing on September 23, 2021 and rendered a written award thereafter. *Id.* The JTC found that Pal violated the MOA and the CBA by failing to submit remittance reports for work covered by the MOA. *Id.* ¶ 6. The Award directs Pal to pay $9,500.00 in fines to the Joint Trade Committee of the Painting and Decorating Industry. *Id.* ¶ 7; *see also* Award at 2.

A copy of the Award was delivered to Pal following the September 23, 2021 hearing. 56.1 ¶ 8.

A demand letter was served on Pal following its failure to comply with the Award. *Id.* ¶ 9. Petitioners claim that Pal has failed to comply with the terms of the Award. *Id.* ¶ 10.

### C. This Action

On January 10, 2022, after Pal failed to comply with petitioners' demand for the Award amount, petitioners filed this action seeking to confirm the Award. Dkt. 1. On February 24, 2022, petitioners moved for summary judgment. *See* Dkts. 8–10. To date, Pal has not opposed the Petition or otherwise appeared in this case.

## II. Discussion

### A. Applicable Legal Standards

"Arbitration awards are not self-enforcing"; "they must be given force and effect by being converted to judicial orders by courts." *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14 Civ. 8420 (WHP), 2015 WL 774714, at *1 (S.D.N.Y. Feb. 20, 2015) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006)). The FAA provides a "'streamlined' process for a party seeking 'a judicial decree confirming an award.'" *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Hall St. Assocs. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (citation and internal quotation marks omitted). In this Circuit, "[t]he showing required to avoid summary confirmation of an arbitration award is high." *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (quoting *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987)); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an [arbitrator's] decision great deference.").

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation." *Salzman*, 2011 WL 6778499, at *2 (quoting *Willemijn*, 103 F.3d at 12). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is 'a barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp. v. Local 32B-32J*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)).

A motion to confirm an arbitral award against a party that has failed to appear in the action is evaluated under the legal standards applicable to a motion for summary judgment. *See D.H. Blair*, 462 F.3d at 109–10. To prevail on such a motion, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the court must view all facts "in the light most favorable" to the non-moving party. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (citations omitted). In determining whether there are genuine issues of material fact, the

court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). In reviewing an unopposed motion for confirmation of an arbitration award, a court:

> may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244). Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law [. . .] a court must grant an order to confirm an arbitration award upon the timely application of a party." *Herrenknecht Corp. v. Best Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007) (citing 9 U.S.C. § 9; *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

### B. Confirmation of the Arbitral Award

On the basis of the Award, and on the very limited review that is appropriate, the Court finds that summary judgment is warranted, as petitioners have shown there is no material issue of fact in dispute. The arbitrator acted within the scope of the authority granted him by the parties and found "substantial and credible evidence" that Pal failed to submit remittance reports for work performed in accordance with the MOA, as revealed by evidence submitted by petitioners at the arbitration hearing. Award at 2. From this, the Court concludes that there is at least a

"barely colorable justification for the outcome reached," and, by all indications, a more than colorable one. *Landy Michaels Realty Corp.*, 954 F.2d at 797. Accordingly, the Court confirms the Award in favor of petitioners for a total amount of $9,500.00.

### C.     Post-Judgment Interest

Petitioners have not sought post-judgment interest, but the Court must award such interest. Awards of post-judgment interest under § 1961 are mandatory. *See Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) (collecting cases). Post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). An order confirming an arbitral award is to be "docketed as if it was rendered in an action," and "have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13. Accordingly, § 1961 applies to actions to confirm arbitral awards. *See, e.g., Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 101–02 (2d Cir. 2004) (awarding post-judgment interest in arbitration case). The Court therefore also awards interest to accrue from the date judgment is entered until payment is made.

### CONCLUSION

For the reasons stated above, the Court confirms the Award in favor of petitioners and issues judgment in the amount of $9,500.00, plus post-judgment interest pursuant to 28 U.S.C. § 1961(a).

The Court respectfully requests that the Clerk of Court close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: April 12, 2022
       New York, New York